IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr168-WKW |
| | ) | |
| QUINTIN LEMUEL ROLLINS | ) | |

### MOTION IN LIMINE TO PREVENT THE GOVERNMENT FROM OFFERING EVIDENCE OF OR RELATED TO DEFENDANT'S PRIOR FELONY CONVICTIONS

COMES NOW Defendant Quintin Lemuel Rollins, through undersigned counsel, moves the Court for an order preventing the government from offering evidence of the defendant's prior felony convictions in order to avoid the danger of unfair prejudice. In order to avoid informing the jury about the defendant's prior conviction, he offers to concede the existence of his prior felony conviction. This concession would constitute conclusive proof on the issue and remove the need for the government to present evidence on the element. Old Chief v. United States, 519 U.S. 172, 186 (1997). In support of said Motion in Limine, the Defendant would state:

Argument

1. In order to secure a conviction under 18 U.S.C. § 922(g) the government must prove that Rollins was (1) a convicted felon, (2) who knowingly possessed a weapon that (3) affected or was in interstate commerce. United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). By preventing the jury from learning about the defendant's prior conviction, the Court could help insure that the defendant is not subject to the grave prejudice which would otherwise result even if he chooses not to take the stand and testify.

2. Informing the jury of the name or nature, or even the existence, of the defendant's prior felony creates a risk of unfair prejudice to the defendant. See Old Chief, 519 U.S. at 184. The

holding in Old Chief rested on the principles behind Federal Rule of Evidence 403, which renders inadmissible evidence where "its probative value is substantially outweighed by the danger of unfair prejudice . . . ." In this context, "'unfair prejudice' . . . means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403, advisory committee's note. And, in the context of a criminal case, "unfair prejudice. . . speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Id.

3.   The specific danger of unfair prejudice in § 922(g) cases is that the jury will generalize from the defendant's prior conviction (bad act) that the defendant is of bad character and take that as raising the odds that the defendant committed the currently charged § 922(g) offense or, worse, as calling for preventive conviction even if the defendant is innocent.

4.   The introduction of evidence of a prior conviction has the potential to divert the attention of the jury from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character.  The introduction of such evidence goes against the principle that a criminal trial should turn on the facts of the specific charge, not on who the defendant is or what the defendant may have done in the past.

## Conclusion

5.   It is essential that this issue be decided before the government is allowed to make any reference to Rollins' prior convictions or present evidence at trial.  The defendant offers to concede the existence of a prior felony conviction, thus the defendant's other prior convictions are not probative of the issues of this trial. The potential for unfair prejudice greatly outweighs the probative value of this tape.

WHEREFORE, premises considered, the Defendant, Quintin Lemuel Rollins, moves this Honorable Court to prohibit the Government from introducing evidence of the defendant's prior convictions by ordering (1) redacting the indictment to exclude information on the defendant's prior convictions and (2) direct the government to inform its witnesses to refrain from mentioning the defendant's prior convictions.

Respectfully submitted this 2nd day of January, 2007.

s/John M. Poti  
JOHN M. POTI (POT013)  
Attorney for Quintin L. Rollins  
696 N. Silver Hills Drive, Suite 102  
Prattville, Alabama 36066-6184  
TEL:  (334) 361-3535  
FAX: 1-866-780-9012  
E-mail: john@jmpoti.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Tommie Hardwick, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:   none                          .

s/John M. Poti  
JOHN M. POTI (POT013)  
Attorney for Quintin L. Rollins  
696 N. Silver Hills Drive, Suite 102  
Prattville, Alabama 36066-6184  
TEL:  (334) 361-3535  
FAX: 1-866-780-9012  
E-mail: john@jmpoti.com